**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| JEFFERY DALE PARKER, | ) | |
| | ) | Case No. 1:26-cv-60 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| RUSSELL LEONARD, | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**ORDER**

---

Before the Court is Defendant Russell Leonard's renewed motion to dismiss Plaintiff

Jeffery Dale Parker's claims against him.  (Doc. 14.)  For the following reasons, the Court will

**GRANT** Leonard's motion to dismiss.

## I.   BACKGROUND

Plaintiff Jeffery Dale Parker initiated this action against Defendant Russell Leonard on

March 9, 2026.  (Doc. 1.)  Parker's initial complaint alleged as follows:

> I Jeffery Dale Parker A living man on the land.  Bring this to Article 3 court trial
> by Jury against Russell L. Leonard who has violated my constitutional rights
> without showing any authority over me after I have ask several times in court and
> in writing in the court clerk's office.  any contract you may have is null and void
> being repugnant to the constitution.  derived through fraud, deception, coercion,
> and amendments 1st, 2nd, 4th, 5th, 7th, 9th have been violated.  having me thrown out
> of my home unlawfully without authority to do so.  I personally think no one
> including Mr. Leonard has even taken an oath to uphold the constitution.  seeing
> how they Trample the rights guaranteed in the constitution this has been on fraud
> after another in franklin county it's like they have a very large money pyramid
> going back to London England using fiction the constitution is the supreme law of
> the land, no fiction law can prevail over the common law Marbury v. Madison
> anything repugnant to the constitution is null and void.  you Russell L. Leonard
> have robbed me of everthing including my guns lots of ones i had for years.
> never showing any authority from what I have read once ask the court should stop

until you prove it.  A thing void in abinitio is one that never went into effect. Time cannot render valid an act void in its origin.  An unconstitutional act is not law, it confers no rights, it imposes no duties.  it affords no protection.  it creates no office.  it is in  legal contemplation, as in operative as though it had never been passed. Norton v. Shelby County 118 U.S. 425, 442.  Battary – no action can be taken against a sovereign in the non-constitutional courts any such action is considered the crime of Battary.  When they unlawfully removed from my home not only Trespassing but kidnapping was involved as I told deputy King The law is not to be violated by Those in government.  Punishment is due if the words of an oath be false.  Husband and wife are considered one person (as one flesh and blood) in law.  Now Mr. Leonard what do you not understand?  The fraud began with the license my wife and I purchased from the state this has been a snow ball of fraud amoung other crimes, seeing the common law is the law of the land and if you have sworn an oath to uphold the constitution you need to do just that.  this is like you only took oath to the bar this has lead me to believe this court is one big criminal organization from what i read if you sworn an oath to a foreign legend you lose form as an American citizenship so you would need FARA. offering no due process of law.  You Mr. Leonard needs to show cause as to why you have Knowingly violated the constitution and any oath to it.  piracy 18 USC 1661 fraudulent use of Admiralty or Maritime Jurisdiction on dry land against a state citizen is robbery ashore and also to do so in a vessel (Police car) outfittd for the purpose of piracy.  Trezevant v. City of Tampa 241 F2d 336 (11th Cir. 1984) unlawful detainment when you had me drug out of my home $75,000 per hour. There is no stronger link or bond between men than an oath.  Jenk. Cent. Cas. 126 Id. p. 126 case 54.  You Mr. Leonard have pushed all this corruption off on me this fraudulent case started I beleave about 2016.  from everything i have read you and your court are of fiction only.  everything you all have in this is void. fraud taints everything.

(Doc. 1, at 1–3.)

After Leonard moved to dismiss Parker's claims against him (Doc. 8), Parker moved for leave to file an amended complaint (Doc. 10), which United States Magistrate Judge Christopher H. Steger granted on April 7, 2026 (Doc. 11).  On May 18, 2026, Parker filed his amended complaint.  (Doc. 13.)  Parker's amended complaint repeats many of his allegations from his original complaint and appears to assert that Leonard somehow violated his constitutional rights in connection with an unspecified prior court case.  Parker also repeatedly alleges that neither Leonard or the court have or had authority over him and that the common law is the "real law." Like his original complaint, Parker's amended complaint is largely incoherent and fails to

specify what claims he is asserting against Leonard or what factual allegations support those claims. Leonard has filed a renewed motion to dismiss, arguing that Parker's amended complaint fails to state a claim upon which relief can be granted, and his motion is ripe for the Court's review.

## II.    STANDARD OF LAW

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*,

484 F.3d at 859.  This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than formal pleadings prepared by attorneys.  *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012).  "[L]iberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure.  *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity.").  Thus, although the standard of review for *pro se* litigants is liberal, it requires more than the bare assertion of legal conclusions.  *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## III.    ANALYSIS

Although unclear, Parker appears to assert that Leonard has violated his constitutional rights.  Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any . . . person . . . to

> the deprivation of any rights . . . secured by the Constitution and laws [of the United States], shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To succeed on a claim under § 1983, a plaintiff must show: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citations omitted).

To the extent Parker alleges that Leonard violated his constitutional rights, he has not stated a claim upon which the Court can grant relief because his amended complaint does not include any allegations plausibly suggesting that Leonard is a state actor. As far as the Court can tell, Parker's amended complaint suggests that Leonard was opposing counsel in a prior court proceeding, the result of which Parker appears to be unhappy with. Such allegations are insufficient to plausibly allege that Leonard is a state actor, and, as a result he fails to state a claim against Leonard under § 1983 for violation of his constitutional rights. Accordingly, the Court will grant Leonard's motion to dismiss Parker's amended complaint to the extent he seeks to assert claims against Leonard for violation of his constitutional rights.

Although it is unclear whether Parker's amended complaint seeks to include any state law claims, to the extent it does, the Court will decline to exercise supplemental jurisdiction over those claims. "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed. Appx. 382, 384–85 (6th Cir. 2003)). "If [] federal claims are dismissed before trial, [] state claims generally should be dismissed as well." *Id.* (quoting *Wojnicz*, 80 Fed. Appx. 384–85). However, a court should also "consider factors such as judicial economy, convenience, fairness, and comity, when deciding whether to decline to exercise supplemental jurisdiction

5

over the remaining state law claim[s]." *Brown v. Scott*, No. 2:23-CV-162, 2025 WL 1347312, at *4 (E.D. Tenn. May 8, 2025) (quoting Williams v. Cawley, No. CIV.03-10189-BC, 2005 WL 1030338, at *1 (E.D. Mich. Apr. 26, 2005)). There is a "strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed," and it should only be exercised if "the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [the] concern over needlessly deciding state law issues." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (internal quotation marks omitted)).

Here, the Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Parker appeared to allege claims under § 1983 for violation of his constitutional rights. As discussed above, the Court has determined that Parker failed to state a claim under § 1983. As a result, to the extent Parker seeks to assert state law claims against Leonard, the Court finds that the interest of comity outweighs the interest of judicial economy, and, accordingly, **DECLINES** to exercise supplemental jurisdiction over any of Parker's state law claims.

## IV. CONCLUSION

For the reasons stated herein, Leonard's motion to dismiss (Doc. 14) is **GRANTED**, and Parker's claims for violations of his constitutional rights against him will be **DISMISSED WITH PREJUDICE.** To the extent Parker seeks to assert any state law claims against Leornard, the Court declines to exercise supplemental jurisdiction, and those claims are **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**